Judge McMahon

UNITED STATES DISTRICT COURT 09 CIV 1397

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES WILLEY, on behalf of himself and all others similarly situated, ) ) | 09 CV _____ |
| Plaintiff, ) | CLASS ACTION COMPLAINT |
| ) | JURY TRIAL DEMANDED |
| v. ) | FEB 17 2009 |
| J.P. MORGAN CHASE, N.A., ) | U.S.D.C. S.D. N.Y. |
| Defendant. ) | CASHIERS |
| _____ ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, James Willey, on behalf of himself and all others similarly situated, by and through his attorneys of record, and in support of Plaintiff's Class Action Complaint, states as follows:

## INTRODUCTION

1. Plaintiff brings this action as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons throughout the United States and its territories whose private financial information was negligently, deliberately, and/or recklessly allowed to be stolen from J.P. Morgan Chase (hereinafter "Defendant"), in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* (hereinafter "FCRA") and in violation of other common law causes of action. Defendant negligently, deliberately, and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of this private financial information for the permissible purposes outlined under FCRA. As a result of Defendant's negligent, deliberate, and/or

1

reckless violations of FCRA, Plaintiff's and Class Members' Consumer Reports were stolen without the consent of Plaintiff and Class Members, and for no permissible purpose under FCRA.

2. Defendant's actions also constitute common law negligence, negligence per se, breach of implied contract, breach of contract, and bailment, as well as violations of the New York Deceptive Trade Practices Act.

3. Plaintiff seeks damages suffered as a result of Defendant's practices, including but not limited to statutory damage, compensatory damages and injunctive relief.

## PARTIES AND JURISDICTION

4. Plaintiff, James Willey, (hereinafter "Plaintiff") is an individual and a citizen and resident of Ohio. Plaintiff's personal information relating to his credit card was compromised as a result of the data breach described herein.

5. Defendant J.P. Morgan Chase ("Chase") is a corporation incorporated under the laws of the State of Delaware, and with its principle place of business located in New York, New York. At all times relevant to this Complaint, Chase transacted business throughout the State of New York and this Judicial District.

6. The Court has jurisdiction over the federal claim herein pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. § 1367. Further, the Court also has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $ 5,000,000.00, exclusive of interest and costs, and is a class action in which some Members of the Class are citizens of states different than Defendant. See 28 U.S.C. § 1332(d)(2)(A).

2

7. Venue properly lies in the Judicial District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this Judicial District.

## FACTUAL BACKGROUND

8. Circuit City was a publicly traded company that sold and delivered specialty electronic equipment and operated over 700 Superstores and nine outlet locations in 158 U.S. markets. Circuit City's international segment operated approximately 800 retail stores and dealer outlets in Canada. Circuit City also operated web sites at http://circuitcity.com; http://www.thesource.ca; and http://firedog.com. On January 16, 2009, Circuit City announced that it was going out of business.

9. J.P. Morgan Chase ("Chase") is a global financial services firm with assets in excess of $2.2 trillion and operates in over 60 countries. Chase employs over 200,000 employees and serves millions of U.S. consumers. Chase handles financial transaction processing and financial services for consumers.

10. On October 5, 2004, Circuit City issued a press release, introducing the Circuit City/Chase Rewards Visa Card. Consumers could apply for the card and receive instant credit in Circuit City stores nationwide.

11. On September 7, 2006, Chase issued a press release, disclosing for the first time that "2.6 million current and former Circuit City credit card account holders'" personal information "were mistakenly identified as trash and thrown out." Chase's statement concluded that the tapes were "compacted, destroyed and buried in a landfill."

12. According to Computerworld, Chase began to notify customers of the breach and Chase expected the process to take approximately two to three weeks.

13. Chief Executive Officer of Chase Card Services stated, "We take responsibility for [the data breach] and are making every effort to let affected card members know that we are doing what we suggest they do to protect themselves." Additionally, "we want our customers to have the support they need to monitor their credit and know how to respond should they identify any problems"

14. Senior Vice President of Chase Card Services, Paul Hartwick, stated, the tapes were accidentally thrown away due to "human error". Additionally, he stated that "we have strict procedures on how tapes are processed and handled. In this case, it came down to someone not following those specific procedures."

15. Even with this knowledge, Chase has failed to provide notice to specific consumers regarding the data breach, including Plaintiff, even though the identity of each and every consumer is known to Defendant Chase.

16. Upon information and belief, at least 2.6 million consumers had their Personal Financial Information compromised from Chases' computer system without Plaintiff's or Class Members' permission, or for any permissible purpose under the law.

17. Thus, Chase improperly and unlawfully allowed Plaintiff's Personal Financial Information to be accessed by a third party.

18. The Personal Financial Information that was improperly disseminated has an independent, discernable market value, as similar financial information is frequently bought and sold.

19. There has been a recent spike in fraudulent activity resulting from the data breach.

## CLASS ACTION ALLEGATIONS

20. This action is brought on behalf of Plaintiff, individually and as a class action, on behalf of all persons throughout the United States and its territories whose Personal Financial Information was negligently, deliberately, and/or recklessly allowed to be stolen from Chase as a result of the data breach ("the Class" or "Class Members"). The Class does not include Defendant, its officers, directors, agents or employees.

21. The Class is composed of thousands of consumers, the joinder of whom in one action is impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

22. The rights of each Class Member were violated in a similar manner based upon Defendant's uniform actions.

23. Questions of law and fact common to the Class predominate over questions which may affect individual Class Members, including, *inter alia*:

    a. Whether Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f);

    b. Whether Defendant violated FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of Consumer Reports for the permissible purposes outlined under FCRA;

    c. Whether Defendant violated FCRA when it allowed third parties to access the Plaintiff's and Class Members' Personal Financial Information;

    d. Whether Defendant's conduct was deliberate and/or reckless;

    e. Whether Defendant's conduct was negligent;

f.  Whether Defendant was negligent in collecting and storing personal and financial information of consumers;

g.  Whether Defendant took reasonable measures to safeguard consumers' Personal Financial Information;

h.  Whether Defendant owed a duty to exercise reasonable care in storing consumers' Personal Financial Information by storing that information on its computer systems and its physical possession;

i.  Whether Defendant breached a duty by failing to keep Plaintiff's and Class Members' Personal Information secure;

j.  Whether Defendant was negligent in failing to keep Plaintiff's and Class Members' Personal Financial Information secure;

k.  Whether Plaintiff and Class Members have sustained damages, and if so, what is the proper measure of those damages;

l.  Whether injunctive relief is appropriate in this matter; and

m.  Whether Defendant's conduct constitutes a violation of the New York Deceptive Practices Trade Act.

24. Plaintiff will fairly and adequately represent and protect the interest of the Class in that he has no interest that is antagonistic to or that irreconcilably conflicts with those of other Class Members.

25. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

26. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and Class Members' claims. Plaintiff and the Class Members

have suffered irreparable harm as a result of Defendant's deceptive, intentional, reckless, negligent and unlawful conduct. The damages suffered by individual Class Members may be relatively small, and thus few, if any individual Class Members can afford to seek legal redress on an individual basis for the wrong complained of herein. Absent a class action, Plaintiff and Class Members will continue to suffer losses as a result of Defendant's unlawful and negligent conduct.

## COUNT I
## INTENTIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## (FCRA)

27. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

28. This is a claim for violation of the FCRA.

29. FCRA requires the proper disposal or transfer of Consumer Information. *See* 15 U.S.C. §1681w and 16 C.F.R. §§ 682 *et seq.*

30. In compliance with FCRA, the Federal trade Commission ("FTC") codified 16 C.F.R. §§ 682 *et seq.*, which regulates the responsibility of companies and individuals who possess Consumer Information. The purpose of the section is "to reduce the risk of consumer fraud and related harms, including identity theft, created by improper disposal of consumer information." *See* 16 C.F.R. § 682.2(a).

31. "Consumer Information" is defined as "any record about an individual, whether in paper, electronic, or other form that is a consumer report or derived from a consumer report. Consumer Information also means a compilation of such records. Consumer Information does not include information that does not identify individuals, such as aggregate information or blind data." 16 C.F.R. § 682.1(b).

32. The Personal Financial Information that was stolen, as described in more detail above, was Consumer Information as defined by 16 C.F.R. § 682.1(b) and FCRA.

33. 16 C.F.R. § 682.3(a) requires that "[a]ny person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connections with its disposal."

34. "Disposal" is defined as "the discarding or abandonment of Consumer information, or the sale, donation, transfer of any medium, including computer equipment, upon which consumer information is stored." 16 C.F.R. § 682.1(c)(1)(2).

35. Under FCRA, a "consumer report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used in whole or in part for the purpose of serving as a factor in establishing the consumers' eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b. *See* 15 U.S.C. § 1681a(d)(1).

36. "Consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports. 15 U.S.C. § 1681a(f).

37. Chase is a Consumer Reporting Agency and/or possesses and transfers information derived from a consumer report.

38. Plaintiff and other Class Members are "consumers" or "persons," as defined and contemplated under FCRA. *See* 15 U.S.C. § 1681a(b) and (c).

39. Defendant was required under FCRA to properly dispose of the Plaintiff's and Class Members' Consumer Information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with the disposal. . *See* 16 C.F.R. § 682.3.

40. In conscious disregard of the rights of the Plaintiff and Class Members, Defendant deliberately and/or recklessly did not maintain reasonable procedures designed to protect against unauthorized access while disposing of the Personal Financial Information.

41. As described above, Defendant's deliberate and/or reckless conduct allowed third parties to steal, or otherwise access, the Personal Information without Plaintiff's or Class Members' consent and for no permissible purpose under FCRA.

42. Defendant's conduct violated FCRA, and Plaintiff and Class Members have been damaged by Defendant's deliberate and/or reckless actions.

43. As a result of Defendant's conduct, Plaintiff and Class Members are entitled to damages of not less than $100.00 and not more than $1,000.00, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681n.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE FCRA

44. Plaintiff re-alleges and the above paragraphs as if full set forth herein.

45. This is a claim for negligent violation of the FCRA.

46. FCRA requires the proper disposal or transfer of Consumer Information. *See* 15 U.S.C. §1681w and 16 C.F.R. § 682, *et seq.*

47. In compliance with FCRA, the Federal trade Commission ("FTC") codified 16 C.F.R. § 682 *et seq.*, which regulates the responsibility of companies and individuals who possess Consumer Information. The purpose of the section is to reduce the risk of consumer fraud and related harms, including identity theft, created by the improper disposal of consumer information. *See* 16 C.F.R. 682.2(a).

48. "Consumer Information" is defined as "any record about an individual, whether in paper, electronic, or other form that is a consumer report or derived from a consumer report. Consumer Information also means a compilation of such records. Consumer Information does not include information that does not identify individuals, such as aggregate information or blind data." 16 C.F.R. § 682.1(b).

49. The Personal Financial Information stolen was Consumer Information as defined by 16 C.F.R. 682.1 and FCRA.

50. 16 C.F.R. 682.3 requires that "[a]ny person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connections with its disposal."

51. "Disposal" is defined as "the discarding or abandonment of Consumer information, or the sale, donation, transfer of any medium, including computer equipment, upon which consumer information is stored." 16 C.F.R. § 682.1(c)(1)(2).

52. Under FCRA, a "consumer report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit

worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used in whole or in part for the purpose of serving as a factor in establishing the consumers' eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b. *See* 15 U.S.C. § 1681a(d)(1).

53. "Consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports. 15 U.S.C. § 1681a(f).

54. Chase is a Consumer Reporting Agency and/or possesses and transfers information derived from a consumer report.

55. Plaintiff and other Class Members are "consumers" or "persons," as defined and construed under FCRA. *See* 15 U.S.C. § 1681a(b) and (c).

56. Defendant was required under FCRA to properly dispose of the Plaintiff's and Class Members' Consumer Information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with the disposal. *See* 16 C.F.R. § 682.3(a).

57. Defendant was negligent in failing to maintain reasonable procedures designed to protect against the unauthorized access while transferring the Personal Financial Information.

58. As described above, Defendant's conduct allowed third parties to steal, or otherwise access, the Personal Information without Plaintiff's or Class Members' consent and for no permissible purpose under FCRA.

59. Defendant's conduct violated FCRA, and Plaintiff and Class Members have been damaged by Defendant's negligent actions.

60. As a result of Defendant's conduct, Plaintiff and Class Members are entitled to actual damages to be proven at trial, as well as the costs and the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681o.

## COUNT III
## NEGLIGENCE

61. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

62. Defendant came into possession of Plaintiff's and Class Members' Personal Financial Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

63. Defendant had a duty to timely disclose the fact that Plaintiff and the Class Members' Personal Financial Information within its possession had been, or was reasonably believed to have been, compromised.

64. Defendant had a duty to protect Plaintiff's Personal Financial Information within its possession.

65. Further, Defendant had a duty to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent the theft or dissemination of Plaintiff's Personal Financial Information. This breach of security and unauthorized access was reasonably foreseeable to Defendant.

66. Defendant, through its acts and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to maintain reasonable procedures designed to protect against unauthorized access while transferring the Personal Financial Information within its possession.

67. Defendant, through its actions and/or omissions, breached its duty to timely disclose the fact that Plaintiff's and the Class Members' Personal Financial Information within its possession had been, or was reasonably believed to have been, compromised.

68. But for Defendant's negligent and wrongful breach of its duties owed to Plaintiff and Class, their Personal Financial Information would not have been compromised.

69. Plaintiff's and Class Members' Personal Financial Information was compromised, viewed, and/or stolen as the proximate result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the private, non-public, personal and financial information within its possession.

70. Plaintiff and the Class suffered actual damages including, but not limited to: expenses for credit monitoring; anxiety; emotional distress; loss of privacy; and other economic and non-economic harm.

## COUNT IV
## NEGLIGENCE PER SE

71. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

72. In addition to the FCRA, the Gramm-Leach-Bliley Act ("GLBA") (15 U.S.C. § 1601) provides:

    (a) Privacy obligation policy

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

(b) Financial institutions safeguards

In furtherance of the policy in subsection (a) of this section, each agency or authority described in section 6805(a) of this title shall establish appropriate standards for the financial institutions subject to their jurisdiction relating to administrative, technical, and physical safeguards –

(1) to insure the security and confidentiality of customer records and information;

(2) to protect against any anticipated threats or hazards to the security or integrity of such records; and

(3) to protect again unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer.

73. Defendant's conduct constitutes a violation of their regulatory and statutory duties, including, but not limited to the FCRA and the GLBA.

74. Defendants' violation of these regulatory and statutory duties constitutes negligence per se.

75. As a direct and proximate result of Defendants' negligence per se, the Plaintiffs and Class Members suffered harm and damages, the full extent of which will be proven at trial.

## COUNT V
## BREACH OF IMPLIED CONTRACT

76. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

77. Defendant came into possession of Plaintiff's and Class Members' Confidential Information and had an implied contract to protect such information.

78. The implied contract required Defendant to not disclose the Plaintiff's and the Class Members' Confidential Information and to safeguard and protect the information from being compromised and/or stolen.

79. Defendant did not safeguard and protect Plaintiff's and the Class Members' Confidential Information from being compromised and/or stolen.

80. Because Defendant disclosed Plaintiff's and Class Members' Confidential Information and failed to safeguard and protect Plaintiff's and the Class Members Confidential Information from being compromised and/or stolen, Defendant breached its contracts with Plaintiff and Class Members.

81. Plaintiff and Class Members suffered actual damages, the full extent of which will be proven at trial.

**COUNT VI**
**BREACH OF CONTRACT**

82. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

83. Defendant came into possession of the Plaintiff's and the Class Members' Personal Financial Information due to its contracts with Circuit City to provide credit card processing in a secure manner. Defendant's contracts with Circuit City were based upon the ability to protect such information. Plaintiff and the Class, who patronize Circuit City, are intended third-party beneficiaries of these contracts.

84. Defendant did not safeguard and protect Plaintiff's and Class Members' Personal Financial Information from being compromised and/or stolen. Indeed, Defendant allowed this information to be stolen.

85. Because Defendant allowed the disclosure of Plaintiff's and Class Members' Personal Financial Information, and failed to safeguard and protect such information from being

compromised and/or stolen, Defendant breached its contract with the various business entities to which Plaintiff and the Members of the Class are intended third party beneficiaries.

86. Plaintiff and Class Members suffered actual damages including but not limited to: anxiety; emotional stress; loss of privacy; and other economic and non-economic harm.

## COUNT VII
## VIOLATION OF THE NEW YORK DECEPTIVE PRACTICES TRADE ACT
## (N.Y. Gen. Bus. Law §§ 349 *et seq.*)

87. Plaintiff re-alleges the above numbered paragraphs as if fully set forth herein.

88. Defendant's actions and failures to notify Plaintiff and Class Members of the data breach laws constitute deceptive acts and practices and, as such, violate the New York Consumer Protection From Deceptive Acts and Practices Act. (N.Y. Gen. Bus. Law §§ 349 *et seq.*).

89. Defendant materially misled Plaintiff and Class Members by failing to notify them that it did not have adequate data security procedures in place to protect their personal information.

90. Defendant materially misled Plaintiff and Class Members by failing to notify Plaintiff and Class Member and/or concealing from Plaintiff and Class Members that their personal information had been compromised. .

91. Defendant's acts in failing to notify consumers and failing to keep consumer information safeguarded occurred within the State of New York.

92. As a result of Defendant's deceptive acts and practices, Plaintiff and Class Members have been injured.

93. Such violations entitle Plaintiff and members of the Class to damages and injunctive relief.

## COUNT VIII
## BAILMENT

94. Plaintiff re-alleges the above numbered paragraphs as if fully set forth herein.

95. Plaintiff and Class Members delivered and entrusted their Confidential Information to Defendant for the sole purpose of applying for credit and credit services that were provided by Defendant.

96. During the time of the bailment, Defendant owed Plaintiff and Class Members a duty to maintain the confidentiality of their Confidential Information by safeguarding it and implementing and enforcing reasonable security procedures, policies and practices.

97. Defendant breached this duty.

98. As a direct and proximate result of this breach, Plaintiff and Class Members have suffered damages, the full extent of which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully prays that the Court enter and Order:

a. Certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as class counsel;

b. Finding that Defendant purposefully and/or recklessly violated FCRA due to its failure to maintain reasonable procedures designed to protect against unauthorized access while disposing of and/or transferring the Personal Financial Information;

c. Finding that Defendant negligently violated FCRA due to its failure to maintain reasonable procedures designed to protect against unauthorized access while disposing of and/or transferring the Personal Financial Information;

d. Declaring that Defendant's failure to maintain reasonable procedures designed to protect against unauthorized access while disposing of and/or transferring the Personal Financial Information constitutes an unfair or deceptive trade practice and enjoining such conduct;

e. Finding that Defendant breached its contract to safeguard and protect the Plaintiff's and Class Members' Personal Financial Information stored on its computer systems and in its physical possession;

f. Finding that Defendant was negligent in protecting the Plaintiff's and Class' Personal Financial Information in its physical possession;

g. Requiring Defendant to pay for monitoring Plaintiff's and Class' financial accounts as well as to compensate Class Members for all damages that result from the unauthorized release of their private information;

h. Enjoining Defendant from actions which place consumers at risk of future security breaches;

i. Requiring Defendant to pay actual damages of not less than $100 and not more than $1,000 under the FCRA;

j. Awarding costs of this proceeding and attorneys' fees, as provided by the FCRA;

k. Awarding damages to Plaintiff and the Class under the common law theories alleged;

l. Requiring Defendant to pay Plaintiff's and Class' reasonable attorneys' fee and costs of litigation;

m. Requiring Defendant to make Plaintiff and Class Members whole;

n. Requiring Defendant to pay treble damages; and

o. Providing for such other legal and/or equitable relief as justice requires.

## JURY DEMAND

Plaintiff, on behalf of himself and the putative class, demands a trial by jury on all issues so triable.

Dated: _February 17, 2009_

Respectfully Submitted,

Joe R. Whatley, Jr. (JW 0222)
Mitchell M. Breit (MB 1230)
Patrick J. Sheehan
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077
Sara C. Hacker
WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
Facsimile: (205) 328-9669

David L. Selby II
KEE & SELBY LLP
1900 International Park Drive, Suite 220
Birmingham, AL 35243
Telephone: (205) 968-9900
Facsimile: (205) 968-9909

Micah S. Adkins
MASSEY, STOTSER & NICHOLS, P.C.
1780 Gadsden Highway
P.O. Box 94308
Birmingham, AL 35235
Telephone: (205) 838-9000
Facsimile: (205) 833-9032

Archie C. Lamb, Jr.
THE LAMB FIRM, L.L.C.
2900 1st Avenue South
Birmingham, AL 35233
Telephone: (205) 324-4644
Facsimile: (205) 324-4649