# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES WILLEY, on behalf of himself and     )
all others similarly situated,     )
    )
       Plaintiff,     )
    )
       v.     )     CASE NO. 1:09-CV-1397
    )
J.P. MORGAN CHASE, N.A.,     )
    )
       Defendant.     )
_____ )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO

## DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................. i

Introduction ....................................................................................................................... 1

Statement of Facts ............................................................................................................. 1

Legal Standard .................................................................................................................. 2

Argument ........................................................................................................................... 2

    I. Plaintiff's FCRA Claims Should Not Be Dismissed ............................................... 2

        A. Plaintiff's FCRA Claims Are Not Barred by the Statute of Limitations ......................... 2

        B. Plaintiff's Complaint States a Claim Under the CFRA Disposal of Consumer

        Information ............................................................................................................. 4

        C. Plaintiff States a Claim for Willlful Violations of the FCRA .................................. 7

        D. Plaintiff States a Claim for Negligent Violations of the FCRA ............................... 9

    II. Plaintiff's State Law Claims Should Not Be Dismissed ....................................... 10

        A. Plaintiff's State Law Claims Are Not Preempted by the FCRA ............................ 10

        B. Plaintiff Has Stated a Claim for Negligence Per Se .......................................... 13

        C. Plaintiff Has Stated a Claim for Implied Breach of Contract ............................... 14

        D. Plaintiff Has Stated a Claim for Breach of Contract ......................................... 15

        E. Plaintiff Has Stated a Claim for Violation of the New York Deceptive Trade Practices

        Act .................................................................................................................. 16

        F. Plaintiff Has Stated a Claim for Bailment ...................................................... 17

**TABLE OF AUTHORITIES**

**Federal Cases**

*A I Marine Adjusters, Inc. v. M/V SIRI BHUM*, No. 05 CV 7227, 2007 WL 760415 ................ 17

*Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1100-01 (D. Ariz. 2003) ................................. 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) ........................... *passim*

*Bruce v. First U.S.A. Bank*, 103 F. Supp. 2d 1135, 1144 (E.D. Mo. 2000) ................................. 9

*Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) ...................................... 9

*Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 284 ........................... 16

*Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 292 n. 36 (E.D.N.Y. 2005) ........... 16

*Chen v. U.S.*, 854 F.2d 622, 627 (2d Cir.1988) ........................................................................... 13

*Consumer Data Industry Ass'n v. Swanson*, No. 07-CV-3376, 2007 WL 2219389, at *4
   (D. Minn. July 30, 2007) .......................................................................................................... 12

*Dalton v. Capital Assoc. Indus.*, 257 F.3d 409, 418 (4th Cir. 2001) ...................................... 9-10

*Doehla v. Wathne Ltd., Inc.*, No. 98 Civ. 6087 CSH, 1999 WL 566311 ...................................... 4

*Dolin v. Contemporary Financial Solutions, Inc.*, No. 08-cv-00675-WYD-BNB, 2009 WL
   890689, at *6-7 (D. Colo. Mar. 31, 2009) .............................................................................. 14

*Fischl v. GMAC*, 708 F.2d 143, 151 (5th Cir. 1983) .................................................................. 14

*Hatfill v. Foster*, 401 F. Supp. 2d 320, 344 .............................................................................. 14

*Howard v. Mun. Credit Union*, No. 05-CV-7488 (LAK), 2008 WL 782760 .............................. 12

*In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56 (2d Cir. 1998) ............................................. 3

*Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 624 (7th Cir. 2007) .......................... 7

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, Nos. 01 CV 2946 & 01 CV 7670, 2004 WL 359138
   .................................................................................................................................................. 17

*Knight v. Horace Mann Ins. Co.*, No. 08-10405, 2009 WL 691773, at *1 (E.D. Mich. Mar. 12, 2009) ................................................................................................................14

*Leet v. Cellco Partnership*, 480 F. Supp. 2d 422, 431 (D. Mass. 2007) ......................................13

*Long Island Lighting Co. v. Imo Indus. Inc.*, 6 F.3d 876, 887 (2d Cir. 1993) ............................3

*Monahan v. New York Dept. of Corr.*, 214 F.3d 275, 283 (2d Cir 2000) ....................................6

*Morris v. Credit Bureau of Cincinnati*, 563 F. Supp. 962, 969 ..................................................9

*Northrop v. Hoffman*, 12 Fed. Appx. 44, 52 (2d Cir. 2001) (unpublished) ...............................7

*Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007) .............................................9

*Premium Mort. Co. v. Equifax Info. Servs., LLC*, No. 07-CV-6349, 2008 WL 4507613, at *3 (W.D.N.Y. Sept. 30, 2008) .............................................................................................12

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).............................................2

*Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007)........................................7

*TRW Inc. v. Andrews*, 534 U.S. 19, 33, 122 S. Ct. 441, 450 (2001)...........................................3

*Valdez ex. rel. Donely v. U.S.*, 518 F.3d 173, 177 (2d Cir. 2008) ..............................................3

*Yourke v. Experian Info. Solutions, Inc.*, 2007 WL 1795705, at *5 (N.D. Cal. 2007) .................9

**State Cases**

*Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-04, 369 N.Y.S.2d 400, 330 N.E.2d 414 (N.Y.1975) ..14

**Federal Statutes**

15 U.S.C. § 1681.........................................................................................................................1

15 U.S.C. § 1681o(a)...................................................................................................................9

15 U.S.C. § 1681p.......................................................................................................................3

15 U.S.C. § 1681t......................................................................................................................10

15 U.S.C. § 1681t(a) ................................................................................................................10

15 U.S.C. § 1681t(b)(1).............................................................................................................12

15 U.S.C. § 77m ..................................................................................................4

15 U.S.C. §1681t(b)(5)(I) .................................................................................10, 11

**State Statutes**

N.Y. Gen. Bus. Law §§ 349 ...............................................................................1, 16

**Federal Rules**

Fed.R.Civ.P. 8(a) ...............................................................................................5

Fed. R. Civ. P. 12(b)(6) ......................................................................................5

Fed.R.Civ.Pro. 15................................................................................................9

**Federal Regulations**

16 C.F.R. § 682.3 ..............................................................................................11

## INTRODUCTION

Plaintiff James Willey ("Plaintiff") brings this action on behalf himself and on behalf of a class of similarly situated persons to recover damages suffered as a result of the data security failures of Defendant J.P. Morgan Chase, NA ("Defendant").  As described in detail in the Class Action Complaint ("Compl."), *see* Dkt. #1, Plaintiff and the Class members entrusted their personal and confidential financial information to Defendant for the purpose of obtaining credit.  Because Defendant failed to implement adequate and proper data security measures, Plaintiff's and Class members' personal information was compromised.

Plaintiff seeks to recover damages suffered as a result for Defendant's intentional and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Compl. at Counts I & II, ¶¶ 27-60).   Plaintiff also seeks to recover damages for negligence (Compl. at Count III, ¶¶ 61-70), negligence per se (Compl. at Count IV, ¶¶ 71-75), breach of implied and express contract (Compl. at Counts V-VI, ¶¶76-86), violations of the New York Deceptive Trade Practices Act, N.Y. Gen. Bus. Law §§ 349 *et seq.* (Compl. at Count VII, ¶¶87-93), and bailment (Compl. at Count VIII, ¶¶94-98).

In its motion to dismiss, Defendant argues that all of Plaintiff's claims should be dismissed.  As fully set forth below, each of Defendant's arguments fail and its motion should be denied in its entirety.

## STATEMENT OF FACTS

As set forth in the Complaint, this action involves Defendant's failure to maintain reasonable procedures designed to protect Plaintiff's and Class members' personal financial information.  Compl. at ¶1.  Defendant is a global financial services firm that handles financial transaction processing and financial services for consumers including credit card services.

1

Compl. at ¶¶9-10. In 2004, Defendant partnered with Circuit City, an electronics retailer, to offer a City City/Chase Rewards Visa Card. Compl. at ¶¶8-10. When consumers, including Plaintiff, applied and received this card, they received instant credit in Circuit City stores nationwide. Compl. at ¶¶4,10.

On September 7, 2006, Defendant issued a press release disclosing for the first time that personal financial information belonging to its current and former Circuit City credit card account holders was compromised and improperly disseminated. Compl. at ¶¶11-18. Approximately 2.6 million customers had their personal financial information compromised as a result of this data security breach. Compl. at ¶16. Although Defendant publicly announced that it was notifying affected card members, Defendant failed to provide notice to specific consumers, including Plaintiff, of the data security breach. Compl. at ¶15.

## LEGAL STANDARD

When addressing a motion to dismiss, "[a] court must 'accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009). A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d at 157-58 (2nd Cir. 2007) (interpreting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). This does "not require heightened fact pleading of specifics." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

## ARGUMENT

### I.    Plaintiff's FCRA Claims Should Not Be Dismissed

### A. Plaintiff's FCRA Claims Are Not Barred by the Statute of Limitations

The applicable limitations period for claims filed under the FCRA is two years from the date of the plaintiff's *discovery* of the FCRA violation, but in no event to exceed five years from the date of the alleged violation. 15 U.S.C. § 1681p. Prior to the 2003 amendment of the FCRA, the "discovery rule" did not apply to the FCRA's limitations period. *See e.g., TRW Inc. v. Andrews*, 534 U.S. 19, 33, 122 S. Ct. 441, 450 (2001). The discovery rule under the FCRA tolls the limitations period until the plaintiff has or should have reasonably discovered both the critical facts of his claim and his injury. *Valdez ex. rel. Donely v. U.S.*, 518 F.3d 173, 177 (2d Cir. 2008). This Second Circuit Court of Appeals has held:

> [T]he Second Circuit has joined other circuits in holding that, under federal principles, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis for the action.

*Long Island Lighting Co. v. Imo Indus. Inc.*, 6 F.3d 876, 887 (2d Cir. 1993) (internal quotations omitted). In other words, the limitations period set forth in § 1681p does not begin to run until the plaintiff knew or should have known that he possessed a cause of action.

Defendant argues Plaintiff knew or should have known about the data breach because he was on inquiry notice. In support of its argument, Defendant cites to a case interpreting the limitations provisions for claims asserted under the 1933 Securities Acte. *See* Dkt. #12, Memorandum of Law in Support of Defendant's Motion to Dismiss Complaint ("Def's. Mem.") at 5 (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56 (2d Cir. 1998)). In that case, the Court held that "[i]nquiry notice is notice such that a 'reasonable **investor** of ordinary intelligence would have discovered the existence of fraud.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d at 60 (emphasis added) (quoting *Dodds v. Cigna Securities, Inc.*, 12 F.3d 346, 350 (2d Cir. 1993)).

In stark contrast to the FCRA limitation provision, the limitations statute under the 1933 Securities Act, in pertinent part, states as follows:

> No action shall be maintained to enforce any liability created under section 77k or 77l(2) of this title unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based.

15 U.S.C. § 77m.

Defendant's inquiry notice argument is without merit. Defendant avers that "Chase announced the incident to the world" and various publications. Def's. Mem at 5-6. Defendant also identifies two newspaper publications, *The New York Times* and *The Toronto Star*, along with various business or industry specific publications and web sites that reported the breach. Def's. Mem. at 5-6. Plaintiff here is a resident and citizen of Ohio. (Compl. ¶ 4). Defendant fails to identify any publication reporting the breach that is indigenous to Plaintiff's home state. More importantly, Defendant, even though in the possession of Plaintiff's personal information, failed to provide the Court with any evidence that direct notice of the data breach was actually provided to Plaintiff or other Class members. Thus, Defendant proffers no evidence as to the date Plaintiff learned that his cause of action existed and its motion to dismiss should be denied.

Because Defendant can cite this Court no case wherein "inquiry notice" was sufficient to begin the running of the statute of limitations in the context of a FCRA claim, and because the point in time when Plaintiff "knew or should have known" that his personal information had been compromised by the Defendant is a question of fact, *Doehla v. Wathne Ltd., Inc.*, No. 98 Civ. 6087 CSH, 1999 WL 566311, at *12 (S.D.N.Y. Aug. 3 1999), Defendant's 12(b)(6) motion to dismiss is due to be denied.

### B. Plaintiff's Complaint States a Claim Under the FCRA Disposal of Consumer Information

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965 (2007) (internal citations omitted). As applied by the Second Circuit, *Twombly* does not create a universal standard of heightened fact pleading; instead, *Twombly* set forth a plausibility standard which obligates the plaintiff to amplify a claim with some factual allegations in those contexts where such amplification is necessary for the claim to be plausible. *Iqbal*, 490 at 157-58.

Defendants argue Plaintiff's FCRA claims should be dismissed because Plaintiff merely recites the FCRA language and Defendant's data disposal procedures are governed by the Interagency Guidelines, not the FCRA. Def's. Mem. at 7-8. Defendant's arguments are without merit.

Plaintiff's Complaint clearly satisfies conventional pleading requirements. Plaintiff, in his Complaint, provides Defendant with factual allegations sufficient to put the Defendant on notice of the data breach complained of, including the number of persons affected by the breach, Defendant's statement as to how the breach occurred and the identity of the responsible party. Compl. ¶¶11, 13-14. Plaintiff also conspicuously alleges Defendant's culpable conduct, namely, failure to properly maintain reasonable procedures to protect the Plaintiff's and Class members' personal identifying information. Compl. ¶¶ 40, 41, 57-58. Until discovery is conducted, it is impossible for Plaintiff to allege with greater specificity what policy or procedure Defendant

willfully or negligently failed to comply with when charged with safeguarding Plaintiff's and Class members' personal identifying information.

The *Twombly* plausibility requirement is not applicable to the case at bar. Specifically, the "plausibility" references in *Twombly* are made in relation to an allegation of antitrust conspiracy. The introductory section of the *Twombly* Court's analysis explicitly places the decision in the limited context of unique antitrust rule that is designed to guard, in the antitrust conspiracy context, against possible "false inferences from identical behavior at a number of points in the trial sequence." 550 U.S. at 554, 127 S. Ct. at 1964. Further, the Court expressly addresses the plausibility requirement only in the course of applying these general standards to a section 1 claim." 550 U.S. at 555, 127 S. Ct. at 1965. The Court's limited purpose in granting certiorari was to "address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." *Twombly,* 550 U.S. at 553, 127 S.Ct. at 1963.

Plausibility is not a pleading requirement for pleading of claims generally, especially claims that do not contain a conspiracy element, *e.g.,* the FCRA as well as the state-law claims alleged. Nonetheless, Plaintiff's Complaint, for the above reasons, clearly satisfies the "plausibility" requirement contemplated by the Federal Rules of Civil Procedure. It is a question of fact whether Defendant followed its, or the Office of the Comptroller's data disposal guidelines.

With respect to Defendant's technical argument—Plaintiff's FCRA claims fail because its disposal guidelines are governed by the Office of the Comptroller—said argument is also without merit. The Plaintiff's Complaint should not be dismissed for a mere technical deficiency. Instead, Plaintiff should be allowed to cure such technical deficiency by amendment. *Monahan v. New York Dept. of Corr.*, 214 F.3d 275, 283 (2d Cir 2000); Fed.R.Civ.P. 15.

Assuming Defendant's statement in footnote five is correct, the Plaintiff should be allowed to amend his Complaint, and Defendant's motion should be denied.

### C. Plaintiff States a Claim for Willful Violations of the FCRA

Courts faced with the question of the specificity with which willfulness must be pleaded have held that willfulness may be averred generally. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 624 (7th Cir. 2007). In the context of the FCRA, a willful violation of the FCRA includes a reckless disregard of the law. *Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007). *See also, Northrop v. Hoffman*, 12 Fed. Appx. 44, 52 (2d Cir. 2001) (unpublished) (not necessary to show malice or evil motive; conscious disregard is enough). *Safeco* overruled previous holdings requiring a finding of conscious disregard or intent to thwart the rights of others. *Safeco*, 127 S. Ct. at 2208. In *Safeco*, the Supreme Court also described "recklessness" as conduct that violates an objective standard defined as "action[s] entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 127 S. Ct. at 2215 (internal quotations and citations omitted).

Defendant argues Plaintiff's allegations are conclusory because Plaintiff recites the elements of the FCRA cause of action. Def's Mem. at 10. Alternatively, Defendant avers that Plaintiff's allegation of willfulness should be dismissed because Plaintiff alleges Defendant had "strict procedures for data handling and that the data loss here was due to a single case of human error." Def's Mem. at pp. 10-11.

Plaintiff's Complaint is not subject to the heightened pleadings standards delineated in *Twombly*. Pursuant to the "flexible plausibility standard" this is not a case where amplification of pleading is needed to render the claim plausible. Even if the heightened pleading requirement of *Twombly* applied (which it does not), Plaintiff's Complaint does more than merely recite the

7

elements of an FCRA claim. Plaintiff alleges specific facts supporting the plausibility of his allegation of willful violation of the FCRA. *See generally* Compl. at ¶¶8-19. Plaintiff contends Defendant: was required under FCRA to properly dispose of the Plaintiff's and Class members' consumer information; consciously disregarded the rights of the Plaintiff and Class members because it failed to maintain reasonable procedures to protect against unauthorized access to Plaintiff's and Class members' personal financial information; and deliberately and/or recklessly allowed third parties to access Plaintiff's and Class members' personal information. Compl. ¶¶39-41.

Contrary to Defendant's assertion, Plaintiff expressly alleges that Defendant: was required under the FCRA to dispose of Plaintiff's personal information properly; willfully failed to maintain procedures to protect Plaintiff's personal information; and, in fact, failed to safeguard Plaintiff's and Class members' personal information from unauthorized access.

Defendant also misstates Plaintiff's allegations. Plaintiff does not allege in his Complaint that Defendant had "strict procedures" for the handling of data tapes; instead, Plaintiff merely provides a quote from Defendant's Senior Vice President. Compl. ¶14. Further, the Defendant's September 7, 2006, press release states, "2.6 million current and former Circuit City credit card holders'" personal information "were mistakenly identified as trash and thrown out." Compl. ¶11.

Even if we take Defendant's statements as true, one can hardly imagine a scenario where the personal information of 2.6 million of Defendant's customers end up in the trash in the absence of a willful violation of the FCRA or in the presence of "strict procedures." Obviously, Defendant's action, or inaction, entailed a high risk of harm that was known or should have been known by Defendant. These are factual issues which will be resolved through discovery and are

not issues to be resolved through a 12(b)(6) motion to dismiss. For this reason as well, Defendant's motion is due to be denied.

### D. Plaintiff States a Claim for Negligent Violations of the FCRA

Any person that negligently fails to comply with the FCRA, is liable for actual damages sustained as a result of the failure, and court costs, together with reasonable attorneys' fees. 15 U.S.C. § 1681o(a). The term "actual damages" is not defined by the FCRA or contained in the FCRA's legislative history. However, out-of-pocket expenses, such as costs associated with long-distance telephone calls, multiple visits to credit reporting agencies and the like, are considered actual damages. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995).

Defendant relies on a Seventh Circuit case, *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007), for its argument here. Def's Mem. at 12. *Pisciotta* was a data breach case which alleged common law negligence, breach of contract and breach of implied contract. 499 F.3d at 632. The plaintiff in *Pisciotta* made no claim under the FCRA. As such, its holding is inapplicable to the Plaintiff's FCRA claims.

In any event, although Plaintiff alleges that pecuniary loss in this case, there are numerous cases holding that, under the FCRA, a plaintiff can recover actual damages without proof of pecuniary loss. For example, loss of sleep, nervousness, frustration, and mental anguish; injury to reputation, family, work, and sense of well-being; and humiliation, embarrassment and mental distress are all compensable under the FCRA. *Yourke v. Experian Info. Solutions, Inc.*, 2007 WL 1795705, at *5 (N.D. Cal. 2007) (denying summary judgment where plaintiff had testified to anxiety, headaches, insomnia, anger and frustration); *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1100-01 (D. Ariz. 2003); *Morris v. Credit Bureau of Cincinnati*, 563 F. Supp. 962, 969 (S.D. Ohio 1983); *Fischl v. GMAC*, 708 F.2d 143, 151 (5th Cir. 1983); *Bruce v. First*

*U.S.A. Bank*, 103 F. Supp. 2d 1135, 1144 (E.D. Mo. 2000); s*ee also Dalton v. Capital Assoc. Indus.*, 257 F.3d 409, 418 (4th Cir. 2001) (damages for emotional distress are available under the FCRA).

Lastly, throughout the Complaint, Plaintiff clearly alleges that he suffered a cognizable harm, both economic and non-economic. Compl. at ¶¶3, 59, 60, 75, 81, 86, 92, 98. Whether Plaintiff suffered any cognizable harm, economic or otherwise, is a question of fact. Thus, this question should be fleshed out through discovery. For this reason, Defendant's motion is not ripe and should be denied.[1]

## II.     Plaintiff's State Law Claims Should Not Be Dismissed

### A.  Plaintiff's State Law Claims Are Not Preempted by the FCRA

The preemption provision of the FCRA is set forth in section 1681t, entitled "Relation to State Laws." The general provision states:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1681t(a). Under the plain language of this section, state laws are not preempted by the FCRA except to the extent that they conflict with any provision of the FCRA.

Exceptions to this general rule are set forth in subsections (b) and (c). Defendant's incorrectly argue that subsection (b)(5)(I) preempts Plaintiff's state law claims. This section states that "[n]o requirement or prohibition may be imposed under the laws of any state … *with*

---

[1] Defendant also argues that Plaintiff's state law claims should be dismissed for failure to allege cognizable harm. Def's Mem. at 16-17. For the reasons set forth above, Defendant's motion to dismiss these state law claims should also be denied.

*respect to the conduct required by the specific provisions of …* section 1681w of this title." 15 U.S.C. §1681t(b)(5)(I) (emphasis added).

Under the express language of the statute, state law claims are preempted by the FCRA only to the extent that those laws impose "requirements" or "prohibitions" on the "conduct required" by section 1681w. Section 1681w, in turn, requires the Federal Trade Commission and other financial regulatory agencies to issue regulations requiring that covered entities properly dispose of consumer information. Thus, the "conduct required by the specific provisions of" section 1681w is the issuance of regulations for the proper disposal of consumer information.

Defendants incorrectly argue that subsection (b)(5)(I) preempts any state law claims to the extent that they attempt to impose "requirements" or "prohibitions" regarding the disposal of information. This is an incorrect reading of this section. Subsection (b)(5)(I) preempts any state law claims only to the extent that they impose any "requirements" or "prohibitions" regarding the issuance of regulations for the proper disposal of consumer information. Because Plaintiff's state law claims do not impose any requirements or prohibitions in this regard, Plaintiff's state law claims are not preempted.

Assuming, *arguendo*, that Defendant is correct subsection (b)(5)(I) encompasses the specific conduct regulated under the federal regulations promulgated pursuant to section 1681w, Plaintiff's state law claims are still not preempted. The regulations created pursuant to section 1681w simply require that:

> Any person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connection with its disposal.

16 C.F.R. § 682.3. Section 1681t(b)(5)(I) only preempts any state law that imposes "requirements" or "prohibitions" regarding the *specific* conduct at issue, *i.e.*, state laws that impose requirements or prohibitions regarding the proper disposal of information. Plaintiff's state law claims do not specifically impose requirements or prohibitions regarding disposal of consumer information. If Congress had intended to preempt *all* state law claims that might implicate disposal of consumer information, then it would have used broader and *unspecific* language such as "conduct *related* to the provisions of 1681w." By way of comparison, in this same section of the FCRA, under subsection (b)(1), Congress preempted any state law claims "with respect to any subject matter regulated under" various provisions of the FCRA.[2] 15 U.S.C. § 1681t(b)(1). In contrast, the use of the word "specific" in subsection (b)(5)(I) requires a very narrow interpretation of the conduct preempted. It is clear that the federal legislature used the word "specific" so that it would not leave consumers whose information has been compromised without appropriate remedies under state law.

Even if the Court finds that Plaintiff's state law claims are preempted, these claims are, at most, preempted to the extent that they are based on the conduct required under the FCRA for disposal of consumer records. Plaintiff's state law claims implicate conduct beyond the "disposal" of consumer records. For example, Plaintiff alleges that Defendant was negligent in failing to safeguard information in its possession and in failing to timely disclose that such information had been compromised. Compl. at ¶¶ 63-64, 67. In addition, Plaintiff's consumer

---

[2] Three cases cited by Defendant in support of its preemption argument address preemption of state law claims under section 1681t(b)(1) which, as explained above, contains different language than section 1681t(b)(5). *See* Def's Mem. at 16 (citing *Premium Mort. Co. v. Equifax Info. Servs., LLC*, No. 07-CV-6349, 2008 WL 4507613, at *3 (W.D.N.Y. Sept. 30, 2008); *Howard v. Mun. Credit Union*, No. 05-CV-7488 (LAK), 2008 WL 782760, at *9 (S.D.N.Y. Mar. 25, 2008); and *Consumer Data Industry Ass'n v. Swanson*, No. 07-CV-3376, 2007 WL 2219389, at *4 (D. Minn. July 30, 2007)). Therefore, these cases are inapplicable.

protection claims for violations of the New York Deceptive Trade Practice Act are based on the Defendant's failures to disclose information that materially misled Plaintiff and Class members. Specifically, Plaintiff alleges that Defendant misled consumers by failing to notify them that it did not have adequate data security procedures in place and that their personal information had been compromised. Compl. at ¶¶ 88-90.

Lastly, Plaintiff's claims for implied breach of contract and breach of contract are not preempted by the FCRA because such a claim simply cannot amount to a requirement or prohibition may be imposed under the laws of any state. Rather, obligations imposed by contract are imposed by the contracting parties themselves. *Leet v. Cellco Partnership*, 480 F. Supp. 2d 422, 431 (D. Mass. 2007) (holding breach of contract claims were not preempted by the FCRA because the defendant's contractual obligation "was not imposed by state law, but rather was imposed by [defendant] itself) (citing *Cipollone v. Ligett Group, Inc.*, 505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992)).

### B. Plaintiff Has Stated a Claim for Negligence Per Se

Plaintiff's negligence per se claim are premised upon Defendant's violations of the FCRA and the Gramm-Leach-Bliley Act ("GLBA"). "In New York, the 'unexcused omission' or violation of a duty imposed by statute for the benefit of a particular class 'is negligence itself [.]' " *Chen v. U.S.*, 854 F.2d 622, 627 (2d Cir.1988) (quoting *Martin v. Herzog*, 228 N.Y. 164, 168, 126 N.E. 814 (N.Y.1920)).

Defendant argues that, because the GLBA may not provide for a private right of action, that Plaintiff cannot assert a negligence per se claim based on Defendant's violations of the GLBA. Def's. Mem. at 18. However, the lack of a private right of action for violation of a statutory provision does not prohibit a plaintiff from asserting a negligence per se claim based on

that provision. *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 292 n. 36 (E.D.N.Y. 2005) (rejecting the defendants' assertion that the lack of a private right of action under a provision of the FLSA barred plaintiff from asserting a negligence per se claim based on that provision). *Dolin v. Contemporary Financial Solutions, Inc.*, No. 08-cv-00675-WYD-BNB, 2009 WL 890689, at *6-7 (D. Colo. Mar. 31, 2009) (holding that plaintiffs could assert negligence per se claims based on standards set forth in statutes that did not provide for private rights of action); *Knight v. Horace Mann Ins. Co.*, No. 08-10405, 2009 WL 691773, at *1 (E.D. Mich. Mar. 12, 2009) ("[W]hether M.C.L. § 257.217c provides for a private of action, is not relevant to Plaintiff's negligence per se claim premised upon the alleged violation of this statute.").

Defendant argues that Plaintiff's negligence per se claims that are based on violations of the FCRA fail because they are "duplicative" of its claims asserted under the FCRA. Defendant cites *Hatfill v. Foster*, 401 F. Supp. 2d 320, 344 (S.D.N.Y 2005), *rev'd on reconsideration on other grounds*, 415 F. Supp. 2d 353 (S.D.N.Y. 2006) in support of this argument. The Court in *Hatfill* held that "a claim for injurious falsehood is properly dismissed as duplicative where the claim 'relies on the same statements that form the basis of the defamation claim.'" *Id.* This case does not involve either a claim for injurious falsehood or defamation.

### C.  Plaintiff Has Stated A Claim for Implied Breach of Contract

Under New York law, the conduct of the parties may lead to the inference of a binding agreement or an implied contract based on "the facts and circumstances of the case." *Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-04, 369 N.Y.S.2d 400, 330 N.E.2d 414 (N.Y.1975). Defendant claims that Plaintiff has failed to meet pleading requirements set forth in *Twombly* with respect to the implied breach of contract claim.   However, Plaintiff has sufficiently alleged the "facts

and circumstances" that gave rise to an implied in fact contract. Plaintiff alleges that Defendant had possession of Plaintiff's and Class members' confidential information, Compl. at ¶ 77, and Plaintiff has alleged facts from which an inference can be drawn that the parties inferred a contract whereby Defendant agreed to protect that information. *See e.g.,* Compl. at ¶¶ 14 (alleging that Defendant's has "strict procedures" in place to protect consumer information), 18-19 (consumer information provided to Defendant, if compromised, could be bought and sold for use in fraudulent activity). Based on these allegations, a reasonable inference could be drawn that, when Plaintiff and Class members provided confidential information to the Defendant, there was an implied agreement derived whereby, Defendant would safeguard such information. Compl. at ¶ 78.

### D. Plaintiff Has Stated a Claim for Breach of Contract

Defendant does not argue that Plaintiff has not sufficiently alleged the elements of a claim for breach of contract based on a third-party beneficiary theory. Rather, Defendant argues that Plaintiff's third party beneficiary breach of contract claim fails because a contract entered into between Circuit City and Bank One of Delaware, Inc. contains a provision purporting to disclaim third party beneficiary rights. The full provision states:

> *Except as otherwise expressly set forth in this Agreement*, this Agreement shall not create rights on the part of any person or entity no a party hereto, whether as a third-party beneficiary or otherwise.

Dkt. # 13, Exhibit 4 (emphasis added). Defendant's argument here should be rejected. Neither the Plaintiff nor the Court has the benefit of the entire agreement submitted by Defendant as discovery has not yet started in this action. Defendant has only submitted a redacted portion of the contract, and therefore, it is unclear whether the contact "expressly set[s] forth" exceptions to this provision that might apply in this case. In addition, it is unclear what state's law will apply

to this contract. Defendant cites New York law in support of its argument, but the contract may contain a choice of law provision that would direct that a different state's law would apply to the contract and to the determination of whether Plaintiff and Class members are third party beneficiaries. Because discovery has not yet taken place, it is also unknown whether Circuit City and Defendant entered into other contracts that might supersede this agreement or to which Plaintiff and Class members may be a third-party beneficiary.

Plaintiff has satisfied the pleaded standards of Rule 8(b) and should be permitted to engage in discovery on the third-party beneficiary claim. *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 284 (S.D.N.Y. 2008) (denying motion to dismiss third party beneficiary breach of contract claim where "[a]t this stage, this Court does not know the terms of the contract nor can it make an intelligent decision on the choice of law analysis.").

### E. Plaintiff has Stated a Claim for Violations of the New York Deceptive Trade Practices Act

Plaintiff alleges that Defendant materially misled Plaintiffs and Class members, violating the New York Deceptive Trade Practice Act, N.Y. Gen. Bus. Law §§ 349 *et seq.* ("§ 349"), when it failed to disclose and/or concealed from Plaintiff and Class members that it did not have adequate data security procedures in place to protect personal information and that when it failed to notify Plaintiff and Class members of the data security breach. Compl. at ¶¶87-93.

Defendant contends that Plaintiff fails to state a claim under § 349 because Plaintiff alleges that Defendant had some internal security procedures is place. Defendant misconstrues Plaintiff's allegations. Although Plaintiff alleges that Defendant announced that it had procedures in place, Plaintiff alleges that Defendants violated § 349 when it failed to disclose that these procedures were inadequate. Compl. at ¶ 89.

Defendant also argues that Plaintiff failed to state a claim under the § 349 because Defendant publicly announced the data breach at issue. Although Plaintiff also alleges that Defendant publicly disclosed the data breach, Plaintiff also alleges that Defendant violated § 349 when it materially misled consumers by failing to provide adequate notice to specific consumers, including the Plaintiff, regarding the data breach. Compl. at ¶¶15, 90. Plaintiff also alleges that Defendant *concealed* the data breach from consumers. In this regard, Plaintiff alleges that Defendant violated the act by concealing and/or failing to timely disclose the data breach. Compl. at ¶ 67, 90. Thus, even though Defendant did publicly announced the data breach, Plaintiff contends that any such disclosure was untimely and inadequate and amounted to a violation of § 349.

### F. Plaintiff Has Stated A Claim for Bailment

Under New York law, the "elements of a bailment are 'intent to create the bailment, delivery of possession of the bailed items, and acceptance of the items by the bailee.'" *A I Marine Adjusters, Inc. v. M/V SIRI BHUM*, No. 05 CV 7227, 2007 WL 760415, at *4 (S.D.N.Y. Feb. 8, 2007) (quoting *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC, Nos.* 01 CV 2946 & 01 CV 7670, 2004 WL 359138, at *5 (S.D.N.Y. Feb. 26, 2004)). In New York, "a bailment is the delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." *Kingdom 5-KR-41, Ltd.*, 2004 WL 359138 at *5 (quoting *Pagliai v. Del Re*, No. 99 Civ. 9030(DLC), 2001 WL 220013, at *5 (S.D.N.Y. Mar. 7, 2001)) (citation omitted).

Plaintiff has sufficiently stated a claim for bailment under New York law. First, Plaintiff alleges that he delivered and entrusted his confidential information to Defendant for the purpose

of applying for credit. Compl. at ¶95. Once that purpose had been fulfill, Plaintiff alleges that Defendant failed to maintain the confidentiality of this information by safeguarding it. Compl. at ¶96. Thus, Defendant failed to keep this information "according to [Plaintiff's] directions." *Kingdom 5-KR-41, Ltd.*, 2004 WL 359138, at *5. Defendant has failed to cite any cases arising under New York law to show that the facts presented here cannot form the basis of a valid claim for bailment.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety.

Dated: May 15, 2009

Respectfully Submitted,


/s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr. (JW 1222)
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077

Patrick J. Sheehan
WHATLEY DRAKE & KALLAS, LLC
60 State Street
Seventh Floor
Boston, MA 02109
Telephone: (617) 573-5118
Facsimile: (617) 573-5090

Sara C. Hacker
WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
Facsimile: (205) 328-9669

David L. Selby II
KEE & SELBY LLP
1900 International Park Drive, Suite 220
Birmingham, AL 35243
Telephone: (205) 968-9900
Facsimile: (205) 968-9909

Micah S. Adkins
MASSEY, STOTSER & NICHOLS, P.C.
1780 Gadsden Highway
P.O. Box 94308
Birmingham, AL 35235
Telephone: (205) 838-9000
Facsimile: (205) 833-9032

Archie C. Lamb, Jr.
THE LAMB FIRM, L.L.C.
2900 1st Avenue South
Birmingham, AL 35233
Telephone: (205) 324-4644
Facsimile: (205) 324-4649

*Counsel for Plaintiff James Willey*